STEPHENS *v.* HUMPHRIES.

(*Supreme Court, General Term, First Department.* November 18, 1892.)

BOND ON APPEAL.

  An appeal from an order directing a resale of premises which have been sold under mortgage foreclosure is not within the provisions of Code Civil Proc. § 1331, which requires the court, in appeals from judgments directing foreclosure and sale of real property, to fix the amount of an undertaking to stay execution of the judgment pending appeal.

Appeal from special term, New York county.

Action by Melvin Stephens against Robert Lewis Humphries, impleaded, etc. Appeal from an order denying defendant's motion to fix the amount of an undertaking under Code Civil Proc. § 1331. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*John K. Van Ness,* for appellant. *Smith & White,* for respondent.

LAWRENCE, J. We agree with the learned counsel for the respondent that section 1331[1] of the Code of Civil Procedure does not apply to this case. The

---

[1] Code Civil Proc. § 1331, provides: "If the appeal is taken from a judgment which entitles the respondent to the immediate possession of real property, or from a judgment or order directing the sale or the delivery of possession of real property, it does not stay the execution of the judgment or order until the appellant gives a written undertaking to the effect that he will not, while in possession of the property, commit or suffer to be committed any waste thereon; and that, if the judgment or order is affirmed, or the appeal is dismissed, he will pay the value of the use and occupation of the property, or the part thereof as to which the judgment or order is affirmed from the time of taking the appeal until the delivery of the possession thereof, pursuant to the judgment or order, not exceeding a specified sum, fixed by a judge of the court below. But, if the judgment directs a foreclosure and sale of real property mortgaged, an undertaking is sufficient to stay the execution of the judgment, which is to the effect that, if the judgment is affirmed, or the appeal is dismissed, the appellant will pay any deficiency which may occur upon the sale in discharging the sum to pay which the sale is directed, with interest and the costs, and all expenses chargeable against the proceeds of the sale, not exceeding a specified sum, fixed by a judge of the court below."

appeal is not from a judgment directing a foreclosure and sale of real property. The security upon the appeal from the judgment has already been fixed on the appeal to the court of appeals, and the judgment has been affirmed by that court. 31 N. E. Rep. 625. This is an appeal from the order of the special term, denying a motion made by the appellant that the court fix the security to be given on a former appeal taken by him from a portion of the order directing a resale of the premises mentioned in the judgment, and requiring the appellant to pay certain expenses therein mentioned. That order was made long after the entry of the judgment, which was finally affirmed by the court of appeals, and the appeal does not, therefore, fall within either of the provisions of section 1331. We are therefore of the opinion that the order below should be affirmed, with costs and disbursements. All concur.

